Jones, J.
(concurring). I agree that the order of the Appellate Division should be affirmed and the convictions of all four defendants sustained.
At the close of the People’s case defense counsel moved for dismissal on the ground that the presumption of subdivision 3 of section 265.15 of the Penal Law was not applicable because the case fell within the express exception of the statute, and that in its absence there was insufficient evidence to support a conviction. The trial court denied this motion. Although the point is not pressed on the appeal to us, in my view the denial was not erroneous; whether in consequence of the exception the presumption was not available was a question later to be left to jury determination. To this extent I agree with the views expressed in the majority opinion.
At the conclusion of the entire case, however, the Trial Judge charged the jury that "upon proof of the presence [in the automobile of] the hand weapons, you may infer and draw a conclusion that such prohibited weapons were possessed by *513 each of the defendants who occupied the automobile at the time when such instruments were found”. But no reference was made in the charge to the statutory provision that the presumption would not apply "if such weapon * * * is found upon the person of one of the occupants”. No exception was taken to this charge and no request was made that the charge be accurately completed. Thus, the jury was never advised of the exception and the case was submitted to and resolved by it on the basis of a blanket presumption which had become the law of the case.
Accordingly, in the procedural posture in which these verdicts of guilty were returned there can only be an affirmance.